LANDRIEU, J.,
Concurs and Assigns Reasons.
I write separately to note that the record reflects that defense counsel did object to Mr. Tran’s qualifications prior to the jury’s being sworn. Pursuant to this objection, the judge conducted a hearing outside of the presence of the venire to determine Mr. Tran’s ability to read and understand the English language. Satisfied that he was qualified to serve as a juror, the court denied the defense’s challenge of him for cause. Thereafter, defense counsel failed to exercise one of its remaining peremptory challenges, which the record confirms were not exhausted.
I find no error in the trial court’s determination that Mr. Tran was qualified to serve. However, even assuming error by the trial judge in denying the challenge for cause, the defense did not preserve the issue for appellate review. “In Louisiana, a defendant must use one of his peremptory challenges curatively to remove the juror, thus reducing his remaining peremptory challenges, or waive any complaint on appeal.” State v. Connolly, 96-1680, p. 8 (La.7/1/97), 700 So.2d 810, 818; State v. Bourque, 622 So.2d 198, 229-230 (La.1993); State v. Fallon, 290 So.2d 273, 282 (La.1974).
On this basis and otherwise, I respectfully concur in the result.